UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&B LAMPLIGHTER OCEANSIDE MOBILEHOME PARK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WESCO INSURANCE COMPANY,<br><br>Defendant. | Case No.:  20-CV-1302 JAH BGS<br><br>**ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS (ECF No. 11)** |

## I. INTRODUCTION

On August 19, 2020, Plaintiff B&B Lamplighter Oceanside Mobilehome Park, LLC ("B&B") filed the First Amended Complaint ("FAC") against Defendant Wesco Insurance Company ("Wesco"). B&B alleges that under the policy they had with Wesco, Wesco was obligated to defend B&B in the action brought against them by Pacific Manufactured Homes and Lydia Miller on September 20, 2018 ("PMH Action").

B&B alleges four causes of action: 1) Declaratory Relief – Duty to Defend, 2) Declaratory Relief – Duty to Indemnify, 3) Breach of Contract, and 4) Breach of the Covenant of Good Faith and Fair Dealing.

On September 2, 2020, Wesco filed a Motion to Dismiss arguing that the action brought by Pacific Manufactured Homes ("PMH") does not establish the potential for coverage. B&B filed an Opposition to the Motion to Dismiss on September 22, 2020. Wesco filed their reply to the Opposition on October 21, 2020.

## II. FACTUAL BACKGROUND[1]

B&B is the named insured on an insurance policy issued by Wesco with dates of coverage from July 1, 2019, through July 1, 2020. (ECF No. 10 at 19, 20). This policy includes commercial general liability coverage for B&B and provides coverage for property damage defined as physical damage to tangible property. (*Id.* at 24, 27). Further, it provides coverage for personal or advertising injury, including the invasion of the right of private occupancy. (*Id.* at 29, 32). This policy also provides that Wesco has the duty to defend B&B in any civil proceedings seeking damages for these kinds of injuries. (*Id.* at 24, 29).

PMH and Lydia Miller sued B&B for claims that included allegations of property damage and personal injury, based on the allegation that B&B removed a mobile home that the plaintiffs had an interest in from Space #35 on B&B's lot. (ECF No. 10 at 7, 62).

---

[1] This is a recitation of pleaded facts for the purposes of this motion and not to be construed as findings of fact.

Plaintiffs in the PMH Action later filed their First Amended Complaint on August 23, 2019. (*Id.* at 5).

B&B sent Wesco the First Amended Complaint from the PMH Action on October 17, 2019, and again on November 4, 2019. (ECF No. 10 at 41, 43). When B&B received no response, it followed up again on December 2, 2019. (*Id.*) Plaintiffs in the PMH Action filed a Second Amended complaint on January 14, 2020, which was served on Wesco on January 9, 2020, and again on January 16, 2020. (*Id.* at 5, 51, 55). AmTrust North America, Inc., the claim administrator assigned by Wesco, rejected the defense of the PMH Action. (*Id.*) B&B followed up again on both February 10, 2020, and March 10, 2020, and AmTrust did not respond or accept the defense. (*Id.* at 77-78, 80-81). On March 23, 2020, B&B again asked for a response and AmTrust denied any defense. (*Id.* at 83, 85). On March 26, 2020, B&B filed this action against Wesco. (*Id.* at 9).

### III. <u>LEGAL STANDARD</u>

Per Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be granted when there is no claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). The court accepts the facts alleged in the complaint as true and draws inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). These facts are assumed to be true even if doubtful, and the remote possibility of recovery is not enough to dismiss a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"On the other hand, the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Liou v. Organifi, LLC*, 491 F. Supp. 3d 740, 747 (S.D. Cal. 2020) (citations omitted). "Nor is the Court 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Id*. (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

## IV. DISCUSSION

### A. JUDICIAL NOTICE

Wesco has requested that this court take judicial notice of four documents. (ECF No. 11-2 at 1). These documents are 1) a more legible copy of the Second Amended Complaint in the PMH Action, 2) a copy of the August 16, 2019 Minute Order re: ruling on motion to vacate or modify preliminary injunction in the PMH Action, 3) a copy of the August 20, 2019 order vacating the preliminary injunction in the PMH Action, and 4) a copy of the October 28, 2019 Ex Parte Application to shorten time to file Motion for Leave to Amend in the PMH Action. (ECF No. 11-2 at 1, 2). Because these documents are court filings in related litigation, judicial notice is appropriate. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

### B. WESCO'S DUTY TO DEFEND WAS TRIGGERED BY POTENTIAL LIABILITY FOR PROPERTY DAMAGE

B&B's first claim is that Wesco breached their duty to defend by refusing to defend Wesco in the PMH Action. (ECF No. 10 at 10). Wesco moves to dismiss B&B's claim, arguing that 1) the complaint does not allege an occurrence that would be covered under the policy, 2) that the complaint does not allege property damage that would be covered under the policy, and 3) that the mobile home was not removed within the policy period.[2] (ECF No. 11-1 at 11, 14, 16). B&B contends that the PMH Action alleges an offense that is covered by the policy because the removal of the mobile home was a personal injury. (ECF No. 14 at 6).

The insurer has the duty to defend the insured when it learns of facts that create the potential for liability under the policy. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 277 (1966). The duty to defend is determined first by comparing the facts alleged in the complaint to the policy and may also exist when extrinsic facts known to the insurer suggest a potential

---

[2] Wesco has also argued that there is no potential for coverage from unlawful eviction, but because B&B is not alleging coverage for wrongful eviction, the analysis will focus on the prior arguments. (ECF No. 11-1 at 17; ECF No. 14 at 6).

for coverage. *The Travelers Property Causality Co. of America v. Actavis, Inc.*, 16 Cal.App.5th 1026, 1037 (2017). When the duty to defend applies, the insurer must defend against covered and uncovered claims unless it can produce undeniable evidence allocating costs to an uncovered claim. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (1993). The duty to defend is broader than the duty to indemnify and can apply in cases where there are no damages awarded. *Id.* Doubt as to whether the court will consider the facts create a duty to defend must be resolved in favor of the insured. *Id.* In resolving whether a duty to defend arises under a policy, the insurer has a higher burden than the insured. *Pension Trust Fund for Operating Engineers v. Federal Insurance Co.*, 307 F.3d 944, 949 (9th Cir. 2002).

          a. <u>B&B Alleges a Potential Occurrence that Caused the Property Damage</u>

Taking Wesco's arguments in turn. Wesco first contends that it has no duty to defend B&B because the damage alleged in the PMH Action was not the result of an occurrence as defined by the policy. (ECF No. 11-1 at 12). The policy agreement provides that Wesco is obligated to pay the sums that B&B is legally obligated to pay as damages for bodily injury or property damage. (*Id.*) This policy applies only to bodily injury or property damage that is the result of an "occurrence", which the policy defines as an accident. (*Id.*)

In interpreting insurance policies, an event is not an accident when the act causing the damage is intentional. *Delgado v. Interinsurance Exchange of Automobile Club of Southern California*, 47 Cal.4th 302, 311-312 (2009). Wesco contends that because the mobile home was intentionally removed from the lot, the event that caused the property damage was not an accident, and therefore not an occurrence that would be covered by the policy. (ECF No. 11-1 at 13).

However, B&B does not contend that the moving of the mobile home was the event that caused the damage. (ECF No. 14 at 10). Rather, they argue that there may be some intervening accident that was the source of the property damage. (*Id.*)

While the duty to defend is triggered by the potential of coverage, this potential liability must not be tenuous and farfetched. *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 302 (1993). A claim of potential liability is tenuous and farfetched when it is not the kind of nature of claim covered by the policy, such as the claim being for a kind of damages not covered by the original policy. *Id.*

In *Montrose*, the plaintiff's insurance promised to defend in suits seeking damages for property damage or bodily injury, as well as for claims of property damage or bodily injury that resulted from an occurrence. *Id.* at 292. While the defendant argued that the underlying suit over the plaintiff's alleged environmental contamination was not the kind and nature of claim covered by the policy, the court found that because the kind of damages in the underlying claim were the same as those covered by the policy it was not tenuous. *Id.* at 302. The underlying suit seeking recovery for environmental contamination sought recovery for property damage under the policy. *Id.* at 303. There was a potential for liability and the duty to defend was triggered. *Id.* at 304.

Here, B&B alleges that plaintiffs in the PMH Action brings a claim of property damage. (ECF No. 14 at 9). The policy defines property damage as "physical injury to tangible property". (ECF No. 10 at 38). In this case, the alleged property damage is the damage to the mobile home that was removed from Space #35, as the PMC Second Amended Complaint alleges that the unit was damaged. (ECF No. 14 at 9; ECF No. 10 at 62). Like in *Montrose*, the nature of the damage in the PMH Action is of the same kind and nature as is covered by the policy, as the damage to the mobile home is a physical injury to tangible property and consistent with the definition of property damage in the policy. This alleged damage is potentially covered by the policy and therefore triggers the duty to defend.[3]

---

[3] The duty to defend is triggered only for the purposes of this motion. The Court is not making an ultimate finding about Wesco's duty to defend.

Furthermore, in *Montrose*, the court found that the possibility that an accident caused the property damage was enough to trigger the duty to defend when the policy was specific to damage coming from occurrences. *Montrose*, 6 Cal.4th. at 304-5. There, because of the nature of DDT waste disposal, the possibility of property damage being the result of an accident could not be excluded. *Id.* Therefore, there was a potential for liability under the policy. *Id.*

Wesco relies on *Collin v. American Empire Ins. Co.* in arguing that the removal of the mobile home could not be accidental. (ECF No. 11-1 at 13, 14). In *Collin*, the plaintiffs' property was removed from their home by a company that worked on their home. *Collin v. American Empire Ins. Co.*, 21 Cal.App.4th 787, 797-8 (1994). This removal was found to be conversion in the plaintiffs' suit against the company. *Id.* at 800. A default judgment was entered for the plaintiffs in that suit, and they then sued the insurance company. *Id.* Because the plaintiffs alleged that the conversion of their property was willful, and all allegations were accepted as true, the court found that the damage was not from an occurrence in the plaintiffs' suit against the insurance company. *Id.* at 806.

However, unlike the case in *Collin*, the exact cause of the damage to the mobile home in this case is unknown. Even if the removal of the mobile home from the lot was conversion, as is alleged in the PMH Action, B&B argues that the damage could have occurred from an accident in transit. While the possibility of the damage in *Collin* being caused by an occurrence could be eliminated, here, the possibility of an occurrence causing the damage to the mobile home in transit has not been eliminated.

To extinguish the duty to defend, the insurer must negate all facts that indicate potential coverage. *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643, 655 (2005). Without evidence showing that the act of removing the mobile home from Spot #35 was the cause of the damage, Wesco has not shown that the damage was definitively caused by an intentional act, and the potential intervening accident has not been affirmatively disproved. Therefore, like in *Montrose*, because the possibility of the damage to the mobile

home being caused by an accident in transit has not been negated, there is a potential for liability and the duty to defend was triggered.

### b. B&B Does Not Allege Damage from an Offense

B&B argues that there is a potential for coverage that comes from the allegation of a personal injury in the PMH Action. (ECF No. 14 at 6). The policy provides coverage for personal or advertising injuries, defined as including "invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor". (ECF No. 10 at 37).

Wesco argues that while the PMH Action alleges that the plaintiff Miller had an occupancy interest in the mobile home, there are no allegations that she ever physically occupied the mobile home or the space that the mobile home was located on. (ECF No. 11-1 at 19).

While the court must draw inferences in the light most favorable to the non-moving party, the court is not bound to accept as true legal conclusions asserted as facts or assertions contrary to exhibits. *Liou v. Organifi, LLC*, 491 F. Supp. 3d 740, 747 (S.D. Cal. 2020). In the PMH Action, the plaintiffs allege that Miller had an occupancy interest and that her application to rent the mobile home was wrongfully denied. (ECF No. 10 at 63, 67). B&B argues that she was an occupant by way of her occupancy interest in the mobile home on Space #35. (ECF No. 14 at 8). However, because the rental application was denied and there are no allegations that Miller was ever physically occupying the mobile home or Space #35, the most favorable inference that can be drawn is that Miller had an occupancy interest.

Because the policy is specific to providing coverage in cases where there has been invasion into a dwelling that a person occupies, Miller's allegation in the PMH Action would not be a potential for liability, given that Miller did not actually occupy the mobile home.

        c. <u>B&B Alleges Physical Property Damage to Tangible Property</u>

Wesco argues that the property damage alleged in the PMH Action is damage to an intangible property right, which is not covered by the policy. (ECF No. 11-1 at 15). Because injuries to intangible property rights are not covered, Wesco argues that there can be no potential for liability from the underlying action. (*Id.*) However, B&B argues that the relevant property damage is the damage to the mobile home when it was removed from the lot, which is physical damage to tangible property. (ECF No. 14 at 9).

In evaluating the duty to defend, the court looks to any potential for liability, not to whether the acts predominating the underlying action are noncovered. *Horace Mann*, 4 Cal.4th at 1084. Remote facts buried in the underlying complaint that constitute a potential claim are enough to trigger the duty to defend. *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 994, 951 (9th Cir. 2002).

In *Pension Trust*, the plaintiff had an insurance policy issued by the defendant that protected against losses from third party suits for breach of fiduciary duty. *Id.* at 947. When the plaintiff was sued for Fraud and Deceit, Negligent Misrepresentation, Fraudulent Inducement, Intentional Interference with Prospective Economic Advantage, Developer Liability, and Lender Liability, the defendant refused to defend. *Id.* at 948. The court found that although the underlying action was not specifically for breach of fiduciary duty, the facts alleged in those claims could give rise to a claim of breach of fiduciary duty, triggering the duty to defend. *Id.* at 957.

Like in *Pension Trust*, the facts alleged in the PMH Action potentially give rise to a claim of physical damage to actual property. Therefore, while the PMH Action does concern intangible property rights, the alleged damage to the mobile home when it was removed is potentially covered and enough to trigger the duty to defend.

Wesco relies on *Kazi v. State Farm Fire and Cas. Co.* to argue that intangible property damage cannot give rise to a claim under the policy. In *Kazi*, the court found that an easement represented a nonpossessory right to use property, making it intangible rather than relating to tangible property. *Kazi v. State Farm Fire and Cas. Co.*, 24 Cal.4th 871,

881 (2001).  Therefore, loss of use of the easement was economic loss, and not property damage that would give rise to a claim under the policy.  *Id.*  For that reason, the court found that the duty to defend had not been triggered.  *Id.*

While Wesco is correct in arguing that the lost opportunity to rent a space on the lot is intangible and uncovered, that is not the only kind of damage alleged in the PMH Action. Because the damage alleged does not have to predominate the claim as, see *Horace Mann Ins. Co.*, 4 Cal.4th at 1081, the damage to the mobile home can potentially give rise to a claim even though it does not drive the underlying action.  Further, as seen in *Pension Trust*, remote facts can be enough to trigger the duty to defend.  Because damage to the mobile home from the removal from the lot is alleged in the PMH Action, there is a potential claim that triggers the duty to defend.

### d. The Damage May Have Occurred Within the Policy Period

Wesco next argues that because the injunction preventing the mobile home from being moved was vacated on August 20, 2019, the mobile home was not moved until after that date. (ECF No. 11-1 at 16).  Because the policy expired on July 1, 2019, Wesco has argued that any property damage incurred during the removal from the lot must have occurred after the expiration of the policy and therefore was not covered.  (*Id.*)

However, as B&B argues, there are no facts in the FAC or the PMH Action that specifically allege when the mobile home was moved.  B&B argues that it is possible that the mobile home was moved during the policy period in violation of the injunction. (ECF No. 14 at 11-12).

The court must draw inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).  Because Wesco has not shown when the mobile home was moved, it is plausible that the mobile home was moved within the policy period.  Therefore, the facts suggesting potential coverage have not been negated and there is a potential for liability. *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643, 655 (2005).

### C. B&B HAS SUFFICIENTLY STATED A CLAIM FOR BREACH OF CONTRACT AND BAD FAITH

B&B claims that Wesco's failure to defend it in the PMH action was breach of contract and that this failure, coupled with lack of acknowledgement and response to B&B's communications, was unreasonable and a breach of the covenant of good faith and fair dealing. (ECF No. 10 at 12-14). "Breach of an insurers duty to defend violates a contractual obligation and, where unreasonable, also violates the covenant of good faith and fair dealing, for which tort remedies are appropriate." *Amato v. Mercury Casualty Co.*, 53 Cal.App4th 825, 831 (1997) (citing *Campbell v. Superior Court*, 44 Cal.App.4th 1308, 1320 (1996)). Because B&B alleges facts that, if true, would be a violation of the duty to defend, the plaintiff has sufficiently stated a claim for both breach of contract and potentially for breach of the implied covenant of good faith and fair dealing.

### V. CONCLUSION

For the foregoing reasons the Motion to Dismiss is denied.

**IT IS SO ORDERED.**

DATED: June 10, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE